United States v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
    ROSEMARY S. POOLER,
        Circuit Judges.
    GEOFFREY W. CRAWFORD,*
        District Judge.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES,
        Appellee,

        -v.-                                          15-3578

MATTHEW DAVIS,
        Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - -X

_____

\* The Honorable Geoffrey W. Crawford, United States District Court of Vermont, sitting by designation.

\*\* We respectfully direct the Clerk of Court to amend the caption.

1

**FOR APPELLANT:**                    WALTER MACK, Doar Rieck Kaley & Mack, New York, NY.

**FOR APPELLEES:**                    JESSICA LONERGAN (with Abigail Kurland and Margaret Garnett on the brief), for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Matthew Davis appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, J.), convicting him, after a jury trial, of one count of conspiracy to distribute five kilograms or more of cocaine and 280 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. He challenges the sufficiency of evidence and various evidentiary rulings; asserts vindictive prosecution; and challenges the government's summation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** We review an insufficiency challenge de novo. United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010).

A criminal conviction must be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Moreover, this Court must "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999) (internal quotation marks omitted).

We conclude that the jury was presented with enough evidence from which it could determine that Davis was a member of a drug distribution conspiracy headed by a man

named Roger Key.[1]  A witness testified that Key ordered a drug wholesaler named Jermaine Smalls (a.k.a. "Pudge") to store a kilogram or more of cocaine at Davis's house, and that Pudge paid Davis to store the cocaine.  The same witness testified that Pudge stated that Davis had sold drugs as part of Key's network in the past, and that witness personally observed Pudge deliver 200 grams of crack to Davis for future sale.

Separately, the government introduced evidence that, after Pudge was later murdered, Davis participated in organizing an investigation into the killing and the whereabouts of a kilogram of cocaine that had gone missing in connection with Pudge's murder.  One witness testified that Davis had stated that he would kill the man he suspected of stealing the missing drugs.  The prosecution also introduced statements Davis made after his arrest suggesting that Davis had substantial knowledge of the inner workings of Key's conspiracy.

Whether this testimony is to be credited is a matter for the jury.  See United States v. O'Connor, 650 F.3d 839, 855 (2d Cir. 2011).  And if found by the jury to be credible, it provides sufficient evidence, along with other evidence introduced by the government, to support Davis's conviction.

**2.**  Davis argues that evidence relating to the murder of Terry Harrison was improperly before the jury.  Davis had been indicted on four counts related to an alleged murder-for-hire conspiracy to kill Harrison, and on one count of murder in connection with a drug conspiracy.  The district court dismissed the charges relating to the murder-for-hire conspiracy for lack of evidence, and the jury hung on the remaining murder count.  Davis seems to argue that the district court's dismissal of the counts relating to Davis's participation in the murder-for-hire conspiracy rendered all evidence relating to the Harrison murder irrelevant and prejudicial.  This argument lacks merit.  The district court dismissed the murder-for-hire charges because the government had failed to demonstrate evidence supporting the pecuniary element of the crime, but the district court did not dismiss

---

[1]  Davis argues that much of the government's evidence was improperly admitted.  As discussed below, Davis's admissibility arguments are meritless.

3

Count Six, which charged Davis with murder in connection with a drug conspiracy. Since the jury was still considering this count, evidence relating to Harrison's murder was properly before it.

**3.** Davis next challenges the admission of out-of-court statements made by Pudge, the murdered drug wholesaler, that (inter alia) Davis had stored and sold drugs for Key in the past. We review challenges to the admission of evidence for abuse of discretion. United States v. Nektalov, 461 F.3d 309, 318 (2d Cir. 2006).

A statement is non-hearsay if it is "made by [a] party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). A statement may be admitted under this hearsay exception if the district court "finds by a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." United States v. Coppola, 671 F.3d 220, 246 (2d Cir. 2012) (internal quotation marks omitted). A statement is "in furtherance of the conspiracy" if it informs a conspirator of "the identity and activities of . . . coconspirators," United States v. Rastelli, 870 F.2d 822, 837 (2d Cir. 1989), or if it "inform[s] [a coconspirator] as to the progress or status of the conspiracy," United States v. Desena, 260 F.3d 150, 158 (2d Cir. 2001) (quoting United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 88 (2d Cir. 1999)).

Davis concedes that Pudge (the declarant) was a member of Key's drug conspiracy. And as explained above, there is sufficient evidence to conclude that Davis is a member of the same conspiracy. We also find no abuse of discretion in concluding that Pudge's statements were made "in furtherance of the conspiracy." Coppola, 671 F.3d at 246. By stating that Davis stored drugs at his house, Pudge informed a fellow drug dealer of "the identity and activities of . . . [a] coconspirator[]." Rastelli, 870 F.2d at 837. More generally, all of the statements "inform[ed]" the drug dealer "as to the progress or status of the conspiracy."

4

*Desena*, 260 F.3d at 158.  Therefore, the statements fall under the coconspirator exception to the hearsay rule.[2]

"[T]he Confrontation Clause simply has no application to nontestimonial statements." *United States v. Feliz*, 467 F.3d 227, 231 (2d Cir. 2006).  The Supreme Court has "suggest[ed] that the determinative factor in determining whether a declarant bears testimony is the declarant's awareness or expectation that his or her statements may later be used at trial." *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004).  Davis does not argue that Pudge had any such "awareness or expectation" that his statements, delivered to another member of the conspiracy, would later be used at trial.  The Confrontation Clause does not bar admission of the statement.

**4.**  Davis challenges the admission of several statements he made after his arrest, citing his rights under *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966).  Davis's argument is difficult to discern, but he seems to argue (1) that the government improperly admitted "pedigree information" about Davis's address, employment status, and other information which the police learned of before informing Davis of his *Miranda* rights, and (2) that the government should have ceased questioning Davis until a lawyer was appointed to assist him.  Neither argument has merit.

"Pedigree" information is not protected by *Miranda*. *United States v. Rodriquez*, 356 F.3d 254, 259 n.2 (2d Cir. 2004) ("Routine questions about a suspect's identity and marital status . . . do not pose the dangers Miranda was designed to check; they are rather the sort of questions normally attendant to arrest and custody.") (internal quotation marks omitted).  Such pedigree information includes "the arrestee's name, aliases, date of birth, address, place of employment, and marital status." *United States v. Chandler*, 164 F. Supp. 3d 368, 387 (E.D.N.Y. 2016).  Therefore, Davis's challenge to the introduction of this pedigree information fails.

---

[2]  The government argued that the statements could also be admitted under the hearsay exception regarding statements against penal interest.  Since we find the statements admissible under the coconspirator exception, we need not consider this argument.

Davis also argues that the government should have interpreted Davis's repeated requests to telephone his mother "as a request for legal counsel," Appellant's Br. at 25-26, and therefore the statements he made without an attorney present should be suppressed. But Miranda's prophylactic rule is only triggered if the suspect "unambiguously requests counsel." Davis v. United States, 512 U.S. 452, 459 (1994). Davis's request to call his mother is unambiguously something else.

**5.** Davis argues that the government's filing of a prior felon information and two superseding indictments in the lead-up to trial constituted vindictive prosecution. An objection based on vindictive prosecution "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(iv); see United States v. Lopez, 60 Fed. App'x 850, 853-54 (2d Cir. 2003) (finding that a defendant waived his vindictive prosecution claim by failing to raise it before trial). Davis does not dispute the government's claim that he failed to raise this claim before trial, nor does he argue that he lacked a basis to bring the motion before trial. Therefore Davis has forfeited this argument.

**6.** Davis argues that the government's summation could have improperly misled the jury to think that statements introduced by trial testimony were derived from intercepted telephone calls, and thus more credible. Davis failed to make this objection at trial, so we review only for plain error.[3] United States v. Rivera, 22 F.3d 430, 437 (2d Cir. 1994). Davis provides no convincing authority from which this court could conclude that the government's inclusion of both trial testimony and intercepted telephone calls was improper. He certainly does not show that the alleged error in the government's summation was "clear or obvious," that it "affected the outcome of the district court proceedings," or that it "seriously affected the . . . public reputation

---

[3] Davis contends that he did object to the government's summation. However, the trial transcript shows that Davis objected to the government speculating about the contents of certain telephone calls, not the fact that the jury could be confused by the mixing of trial testimony and phone call excerpts.

of judicial proceedings," as is required under plain error review.  <u>United States v. Marcus</u>, 560 U.S. 258, 262 (2010).

For the foregoing reasons, and finding no merit in Davis's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK