17-810-cr
United States v. Davis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of March, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             CHRISTOPHER F. DRONEY,
                 *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 v.                                          17-810-cr

MATTHEW DAVIS, AKA SEALED DEFENDANT 1,
AKA MATT,

                 *Defendant-Appellant*.
_____

Appearing for Appellant:     Walter Mack, Doar Rieck Kaley & Mack, New York, N.Y.

Appearing for Appellee:      Jessica Lonergan, Assistant United States Attorney (Abigail Kurland, Margaret Garnett, Assistant U.S. Attorneys, *on the brief*) *for* Geoffrey S. Berman, U.S. Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Matthew Davis appeals from the March 21, 2017 memorandum decision and order of the United States District Court for the Southern District of New York (Forrest, *J.*) denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In April 2015, Davis was convicted, after a jury trial, of one count of conspiracy to distribute five kilograms or more of cocaine and 280 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. He appealed his conviction, and this court affirmed in a summary order. *United States v. Davis*, 687 F. App'x 75 (2d Cir. 2017) (summary order). Davis moved for a new trial pursuant to Rule 33, arguing newly discovered evidence tainted his conviction.

Davis's Rule 33 motion was based on the testimony of Robert Parris as a government cooperator in *United States v. Jamal Smalls*, No. 14-cr-167. Parris was originally a government witness in Davis's trial, and the government provided Davis with 18 U.S.C. § 3500 material roughly three weeks before the trial started. The government ultimately decided against calling Parris to testify in Davis's trial. Davis argues that Parris's testimony in Smalls's trial demonstrates that Davis was merely a friend of the Smalls family, and not a member of the narcotics conspiracy.

This court reviews the denial of a Rule 33 motion for a new trial for abuse of discretion. *See United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In deciding a Rule 33 motion, "[t]he test is whether it would be a manifest injustice to let the guilty verdict stand." *United States v. Lin Guang*, 511 F.3d 110, 119 (2d Cir. 2007) (internal quotation marks omitted). "For a trial judge to grant a Rule 33 motion, he must harbor a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted). To merit relief based on a claim of newly discovered evidence, the burden is on the defendant to satisfy five elements: (1) that the evidence is "newly discovered after trial;" (2) that "facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence;" (3) that "the evidence is material;" (4) that the evidence "is not merely cumulative or impeaching;" and (5) that "the evidence would likely result in an acquittal." *United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007) (internal citations omitted).

The district court correctly determined that Davis's Rule 33 motion satisfies none of the standards for a successful Rule 33 motion. First, the government turned over Parris's Section 3500 materials before trial, which included Parris's diagram of the members of the conspiracy and did not include Davis's name. As the Section 3500 materials provided insight into Parris's testimony, and Davis's counsel did not interview Parris or call him as a witness, Davis cannot be said to have acted diligently.

2

Nor can the evidence be considered material, or even exculpatory. Parris's testimony was consistent with other witnesses: at best Parris's testimony at Davis's trial would provide material for impeachment. Finally, the evidence is unlikely to have led to an acquittal. The testimony at Davis's trial provided a sufficient basis for his conviction, and nothing in Parris's Section 3500 materials directly contradicts that evidence.

We have considered the remainder of Davis's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk