*United States v. Davis*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                              No. 21-716

MATTHEW DAVIS, AKA SEALED DEFENDANT 1,
AKA MATT,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                    JOHN F. KALEY, Doar Rieck Kaley &
                                  Mack, New York, NY.

FOR APPELLEE:                     WON S. SHIN, Assistant United States
                                  Attorney (Jonathan Bodansky, *on the brief),*
                                  *for* Damian Williams, United States

Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on March 17, 2021, is **AFFIRMED**.

Matthew Davis is currently serving a sentence of 20 years' imprisonment, to be followed by ten years' supervised release. The sentence was imposed after his 2015 conviction by a jury of conspiracy to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. Before trial, the government filed a Prior Felony Information and an Amended Prior Felony Information under 21 U.S.C. § 851, advising the court of Davis's extensive criminal record. That record exposed Davis to a mandatory minimum sentence of 20 years' imprisonment. We sustained his conviction on appeal. *See United States v. Davis*, 687 F. App'x 75 (2d Cir. 2017) (summary order) (sufficiency challenge); *United States v. Davis*, 715 F. App'x 107 (2d Cir. 2018) (summary order) (denial of motion for new trial under Fed. R. Cr. P. 33).

In 2020, Davis moved under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction, seeking what is commonly known as "compassionate release." The district court denied the motion and denied a subsequent motion for reconsideration, without prejudice to renewal. *United States v. Davis*, No. 14-cr-296, 2020 WL 5628041 (S.D.N.Y. Sept. 21, 2020); *United States v. Davis*, No. 14-cr-296, 2020 WL 5912811 (S.D.N.Y. Oct. 6, 2020). After he was infected with COVID-19 at the end of 2020, Davis again moved for relief under § 3582. The district court denied that motion as well. *See United States v. Davis*, No. 14-cr-296, 2021 WL 1016115, at *3 (S.D.N.Y. Mar. 17, 2021). It is this ruling that Davis now appeals.

His motion rested primarily on two contentions: that (1) an "extraordinary and compelling reason" supported his application in that his medical conditions (primarily, asthma) placed him at heightened risk during his continued incarceration, notwithstanding

2

his December 2020 infection; and (2) the reduction via the First Step Act of 2018, Pub L. No. 155-391, 132 Stat. 5194 ("FSA") of the mandatory minimum sentence applicable to his crime of conviction from 20 years to 15 years amounted to an important change that, notwithstanding the FSA's non-retroactivity, the district court was obligated to consider either as an extraordinary and compelling reason or as a favorable part of its review of the factors set forth in 18 U.S.C. § 3553(a). The district court rejected these arguments. It ruled that, even if Davis's COVID-19 risk factors and the FSA's change to the applicable mandatory minimum qualified as extraordinary and compelling reasons under § 3582, they did not alter the court's evaluation of the § 3553(a) factors, which, the court found, warranted maintaining the sentence originally imposed. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the denial of a motion under § 3582 for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion when it rests its decision on "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).[1]

Section 3582(c)(1)(A) allows a court to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). We recently ruled that "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 69, 73 (2d Cir. 2021); *see United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (holding that a finding of extraordinary and compelling reasons is necessary but not sufficient to grant

---

[1] In quotations from caselaw and the parties' briefing, this Order omits all quotation marks, alterations, and citations, unless otherwise noted.

a defendant's motion for compassionate release). We explained that the statute imposes three independent, necessary conditions for a sentence reduction under § 3582: exhaustion of remedies, existence of an extraordinary and compelling reason for reduction, and an evaluation of the § 3553(a) factors that support a reduction. *See Keitt*, 21 F.4th at 71. The district court has broad discretion in evaluating those factors. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

In line with the approach we recently took in *United States v. Johnson*, No. 21-241-CR, 2022 WL 102075, at *2 (2d Cir. Jan. 11, 2022) (summary order), we decline to determine whether the district court erred in its alternative ruling that, because Congress has directed that the FSA is not to be applied retroactively, the FSA's reduction of the mandatory minimum sentence applicable to Davis's offense does not constitute an extraordinary and compelling circumstance under § 3582. As observed above, Davis must satisfy all three conditions for the district court to reduce a sentence under this provision. Here, the district court relied on its ruling on the third condition: its application of the § 3553(a) factors. On review, we find that aspect of its analysis sufficient to sustain the denial.

In particular, the district court pointed to the seriousness of the offense of conviction (narcotics conspiracy involving 5 kilograms or more of cocaine), a consideration whose importance Davis cannot reasonably dispute. Davis contends still that the FSA's downgrading of the mandatory minimum penalty for a second narcotics conviction from 20 years to 15 years' imprisonment demonstrates that his offense is less grave than the district court described. But an offense carrying a 15-year mandatory minimum is a serious offense, warranting weighty consideration in the § 3553(a) analysis. The district court further relied on the need for specific and general deterrence, pointing to the facts that this was Davis's twelfth criminal conviction, fifth for a felony; that Davis entered into this narcotics conspiracy within months of his release from prison for a prior conviction; and that in 2003 Davis was convicted of attempted murder, a violent crime of great gravity. Davis offers no arguments that could lead us to find that the district court's § 3553(a) analysis was inappropriately affected by any error in its views on the non-retroactivity of the FSA amendments.

4

Davis contends in addition that the district court erred in assessing the § 3553(a) factors by failing to mention in its ruling and credit him expressly for his favorable record while incarcerated. We see no error. We have "declined to insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020). Instead, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Id.* at 118. The record provides no reason to displace this presumption. *See, e.g.*, *Davis*, 2021 WL 1016115, at *1 n.1 ("Davis and his counsel, Mr. Kaley, have each made numerous filings regarding this renewed motion. The Court has considered all of their submissions."). Accordingly, we identify no basis for finding an abuse of discretion.

\* \* \*

We have considered Davis's remaining arguments and find in them no basis for reversal. We therefore **AFFIRM** the March 17, 2021 ruling of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk