18-3695
*United States v. Naquan Reyes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty.

**PRESENT:**
> **JON O. NEWMAN**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*
>
> v.                                        No. 18-3695

NAQUAN REYES,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                          KEVIN TROWEL, Assistant United
                                       States Attorney (Elizabeth Geddes,
                                       Assistant United States Attorney, *on
                                       the brief*), *for* Richard P. Donoghue,
                                       United States Attorney, Eastern
                                       District of New York, Brooklyn, NY.


FOR DEFENDANT-APPELLANT:                ANDREW H. FREIFELD, Law Office of
                                       Andrew Freifeld, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In February 2015, Defendant-Appellant Naquan Reyes pleaded guilty to one count of conspiracy to commit bank fraud and one count of obstruction of justice murder in the second degree. *See* 18 U.S.C. §§ 1349, 1344; 1512(a)(l)(C), 2. The United States District Court for the Eastern District of New York (Townes, *J.*) sentenced Reyes to 30 years' imprisonment on the bank fraud count and life imprisonment on the obstruction of justice murder count. In October 2018, on remand from this Court in light of an error in the district court's original Guidelines calculation, *see United States v. Reyes*, 718 F. App'x 56, 62 (2d Cir. 2018) (summary

order), the district court (Johnson, *J.*)[1] resentenced Reyes, based on the corrected Guidelines calculation, to the same terms of imprisonment as the original sentence: 30 years' imprisonment on the bank fraud count and life imprisonment on the obstruction of justice murder count. Reyes appeals, arguing that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Generally, we "review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Where, as here, a defendant fails to raise a procedural objection at the time of sentencing, we review for plain error.[2] *See United States v. Caltabiano*, 871

---

[1] The case was reassigned to Judge Sterling Johnson after Judge Sandra Townes passed away in 2018.

[2] Reyes implies that we should apply a less stringent plain error standard of review. He cites several cases for this proposition. *See United States v. Jones*, 878 F.3d 10, 15 (2d Cir. 2017); *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012); *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009) (per curiam); *United States v. Williams*, 399 F.3d 450, 454–57 (2d Cir. 2005). In *United States v. Williams*, we said that review of a sentencing error is "fundamentally different" from review of a jury trial error. 399 F.3d at 456. Because of this, we concluded that "there is no need to apply the plain error doctrine in the sentencing context with precisely the same procedure that has been used in the context of review of errors occurring at trial." *Id.* at 457. Here, the government argues that we should

3

F.3d 210, 219 (2d Cir. 2017). Plain error exists when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration and internal quotation marks omitted).

Section 3553(a) of Title 18 "requires a district court to consider several factors in determining a sentence." *United States v. Wagner-Dano*, 679 F.3d 83, 88 (2d Cir. 2012). The district court errs procedurally if, *inter alia*, "it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Generally, "we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Wagner-Dano*, 679 F.3d at 89 (internal quotation marks omitted). We do not require "robotic incantations" from the district court to prove

decline to apply the less stringent form of plain error review because "'all cases which apply our relaxed form of plain error review appear to involve conditions of supervised release.'" Gov. Br. at 24 n.7 (citing *United States v. Bowman*, 797 F. App'x 580, 584 n.1 (2d Cir. 2019) (summary order)). As in *Bowman*, "we need not reach the question of how broadly [the relaxed] standard applies" because under either standard the result is the same. 797 F. App'x at 584 n.1.

that it has considered each § 3553(a) factor, *id.* (internal quotation marks omitted),

but "we require more than a few magic words," *United States v. Corsey*, 723 F.3d

366, 376 (2d Cir. 2013), as corrected (July 24, 2013). In essence, the district court

must "create enough of a record so that an appellate court can be confident that the

sentence resulted from the district court's considered judgment as to what was

necessary to address the various, often conflicting, purposes of sentencing." *Id.*

(internal quotation marks omitted).

Here, the district court explicitly referred to § 3553(a) and some of the

relevant factors when resentencing Reyes. *See* App. 166 ("[Section] 3553(a) says

that I must impose a sentence that is sufficient but not greater than necessary to

comply with the purposes of the statute. I must take into consideration the nature

of the circumstances of the offense. . . . I take into consideration the history and

the characteristics of this defendant [§ 3553(a)(1)]. I must also take into

consideration the seriousness to promote a respect for the law [§ 3553(a)(2)(A)].").

Additionally, the district court stated, "I listened to the argument of counsel [and]

I read the submissions." *Id*. Despite this, Reyes argues that the district court

failed to address several of the mitigating factors that he asserted in his sentencing

memorandum. We, however, "'never have required a District Court to make

5

specific responses to points argued by counsel in connection with sentencing.'" *Wagner-Dano*, 679 F.3d at 89 (quoting *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010)). For these reasons, and because we generally presume that the district court has considered § 3553(a)'s factors even if it does not list all of them on the record, *see Wagner-Dano*, 679 F.3d at 88–89, we conclude that the court did not err procedurally when resentencing Reyes, *see Cavera*, 550 F.3d at 190; *see also Marcus*, 560 U.S. at 262.

Turning to our review of the district court's explanation for the sentence imposed, § 3553(c) requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c). As with § 3553(a), "[t]here is no mechanical test for compliance with § 3553(c) . . ., we simply expect the court to identify the consideration or considerations driving the selection of the sentence that was actually imposed." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). "Indeed, the 'statement' requirement of § 3553(c) sets a low threshold." *Id.* at 119.

Here, the district court explained in open court that it had listened to the arguments presented by Reyes's counsel and had "read the submissions." App. 166. The court also explained that it considered the history and characteristics of Reyes as well as the nature of the offense. Because the district court found the victim's murder "horrendous," and because "[i]t was personal, the deceased was strangled," the court sentenced Reyes to life in prison. *Id.* 165. Although the statement is brief, this is not a case where the district court failed to provide any explanation for its sentence. *See Rosa*, 957 F.3d at 116, 122. The district court's statement of reasons for the sentence imposed is not so lacking that we are required to conclude the court clearly erred in resentencing Reyes. *Caltabiano*, 871 F.3d at 219.

Reyes argues further that his sentence of life imprisonment is substantively unreasonable. Not only does this argument fail on the merits, but Reyes has waived the argument by insufficiently developing it in his brief; Reyes's only effort to do so is a paltry sentence lacking any cite to applicable case law. Reyes therefore has waived his argument that his sentence is substantively unreasonable. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

7

are deemed waived." (internal quotation marks omitted)). Even if it were not waived, however, based on the totality of the circumstances, and giving due deference to the district court's determination, we conclude that the sentence of life imprisonment is not substantively unreasonable. The sentence was within the Guidelines range of 360 months to life. It cannot be said that the sentence was "shockingly high" or "unsupportable as a matter of law." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (internal quotation marks omitted); *see also United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) (affirming within-Guidelines sentence of life imprisonment for conspiracy to commit murder in connection with a narcotics offense).

We have reviewed the remainder of Reyes's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court