17-2004-cr
United States v. Rosa

# In the
# United States Court of Appeals
## for the Second Circuit

August Term, 2019
No. 17-2004-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

GILBERTO ROSA,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York.
No. 1:16-cr-101-1 — Sterling Johnson, Jr., *Judge*.

ARGUED: FEBRUARY 24, 2020
DECIDED: APRIL 17, 2020

Before:  LIVINGSTON, PARK, and NARDINI, *Circuit Judges*.

Defendant-Appellant Gilberto Rosa appeals from a judgment entered June 23, 2017, in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*), sentencing him to an 87-month term

of imprisonment. We conclude that Rosa's sentence is procedurally unreasonable because the district court failed to state its reasons for the sentence imposed as required by 18 U.S.C. § 3553(c). We therefore REMAND the case to the district court to conduct a resentencing.

---

DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT, *for Defendant-Appellant.*

MICHAEL P. ROBOTTI (Jo Ann M. Navickas, on the brief), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee.*

WILLIAM J. NARDINI, *Circuit Judge*:

Defendant-Appellant Gilberto Rosa appeals from a judgment entered on June 23, 2017, in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*), sentencing him to an 87-month term of imprisonment for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A. Rosa argues that his sentence is procedurally unreasonable because the district court failed to state in open court its reasons for the sentence imposed. As we explain below, the district court did not state its

reasons as required by 18 U.S.C. § 3553(c). We therefore remand the case to the district court with instructions to vacate the sentence and to conduct a resentencing that satisfies § 3553(c).

I. BACKGROUND

From January 2012 to June 2015, Rosa and several others took part in a scheme to obtain car loans fraudulently. One of the ways they did this was to use other people's Social Security numbers in loan applications. On March 10, 2016, Rosa pled guilty to an information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and aggravated identity theft in violation of 18 U.S.C. § 1028A (Count Two). Under the plea agreement, Rosa agreed to pay his victims $798,542.43 in restitution.

Even after pleading guilty, Rosa kept committing crimes. In 2016, he engaged in more fraud—this time in buying a used car dealership. Rosa also failed to disclose to Pretrial Services that he made money through the dealership, instead falsely claiming that he was working as a photographer.

3

In advance of sentencing, the Probation Office prepared a Presentence Report ("PSR") which described Rosa's participation in more than thirty-five fraudulent transactions—both before and after his plea—involving $850,104.23 in fraudulently obtained funds. In calculating the range under the United States Sentencing Guidelines, the PSR used a total offense level of 26, which included a three-level enhancement pursuant to § 3C1.3 of the Guidelines. The PSR used a criminal history category of II, yielding a range of 70 to 87 months of imprisonment on Count One, to be followed by a mandatory consecutive 24 months on Count Two, for a combined total Guidelines range of 94 to 111 months.

At Rosa's sentencing hearing on April 27, 2017, the parties and the district court agreed that the PSR had incorrectly applied § 3C1.3. That enhancement applies only to post-plea conduct for which a defendant had been separately convicted. The court recognized that, using an adjusted offense level of 23, Rosa's Guidelines range for Count One became 51 to 63

months. Adding 24 consecutive months for Count Two, Rosa faced a total range of 75 to 87 months.

After hearing from both parties as well as three victims, the district court sentenced Rosa to 63 months on Count One plus 24 consecutive months on Count Two, for a total of 87 months. The court also ordered restitution of $715,857.26. This was much less than the restitution amount listed in the plea agreement: $798,542.43.

During the hearing, the district court did not explain why it chose this sentence. Nor did it adopt the PSR in open court. Rosa, however, did not object to the sentence or ask the district court to explain its reasoning.

On June 23, 2017, the district court entered its written judgment. The judgment included a restitution order of $690,774.08, which was even lower than the $715,857.26 that the court had announced at sentencing.

The district court also issued a written statement of reasons dated June 23, 2017 ("SOR"), which deviated from the oral sentencing in four significant ways. First, the court checked a box indicating that it adopted

5

the PSR without changes, even though at sentencing the district court had adopted a materially different calculation by rejecting the § 3C1.3 enhancement. Second, the SOR identified the total offense level as 26 instead of 23, the level actually used at sentencing after rejection of the enhancement. Third, the SOR incorrectly identified a Guidelines range of 70 to 87 months rather than the range of 75 to 87 months used at sentencing. (The PSR had calculated 70 to 87 months only for Count One.) Fourth, the SOR listed restitution as $690,774.08—the amount listed in the written judgment—even though the court had orally ordered $715,857.26 at sentencing.

This appeal followed.[1]

---

[1] We note that, after Rosa filed his notice of appeal, the Government submitted a letter request to the district court seeking an amended judgment altering the restitution amount to $798,542.42, as proposed in the plea agreement (with a downward adjustment of one cent, apparently accounting for a minor initial miscalculation). On June 7, 2018, the district court granted that request.

It is not apparent that the district court had jurisdiction to enter the amended judgment. The Government's letter cited Federal Rule of Criminal Procedure 36, which permits the court to "correct a clerical error in a judgment," but no clerical error, such as a mistaken transcription, is apparent here. *See United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) ("Rule 36 . . . does not authorize the court to amend the oral sentence itself

## II.    DISCUSSION

In reviewing the procedural reasonableness of a sentence, this Court considers "whether the district court committed a significant procedural error, 'such as . . . failing to adequately explain the chosen sentence.'"[2] Section 3553(c) of Title 18 of the United States Code obligates a district court to "state in open court the reasons for its imposition of the particular sentence."[3] This serves important goals, including:

---

or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence."); *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." (footnote omitted)); *see also United States v. Thomas*, 135 F.3d 873, 875 (2d Cir. 1998) (sentencing judge's "desire . . . to correct the sentence to comport with his original intentions (that were not stated at sentencing) was not enough to justify modification under Rule 36"). Neither party has raised any objections with respect to the amended judgment.

Nevertheless, we need not address this issue because we remand with instructions that the district court vacate the sentence and conduct a resentencing. On remand, we expect the parties will be attentive to alerting the district court to the correct restitution amount. Equipped with this information, the district court will have authority to order restitution appropriately.

[2] *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

[3] 18 U.S.C. § 3553(c).

> (1) to inform the defendant of the reasons for his sentence, (2) to permit meaningful appellate review, (3) to enable the public to learn why defendant received a particular sentence, and (4) to guide probation officers and prison officials in developing a program to meet defendant's needs.[4]

We review for plain error where, as here, the defendant failed to raise a § 3553(c) objection below.[5] To meet the plain error standard, Rosa must establish four elements:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[6]

We address each of these elements in turn.

---

[4] *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004).

[5] *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007) ("We now hold that plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)."); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

[6] *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks omitted); *see Villafuerte*, 502 F.3d at 209.

**A.    There is an error.**

First, we find error.  At Rosa's sentencing hearing, the district court

failed to provide any explanation of the sentence imposed.  Notably, it did

not adopt the PSR in open court, which this Court has held can satisfy

§ 3553(c)'s requirement of an in-court explanation.[7]  The district court stated

only that it reached its decision "[a]fter hearing arguments by the counsel

and reading the submissions and 3553(a) factors."[8]  Such a bare statement,

with nothing more, is insufficient to comply with § 3553(c).[9]

In arguing that the district court satisfied § 3553(c), the Government

points to precedent involving the separate procedural error of failing to

---

[7] *Molina*, 356 F.3d at 277.

[8] App'x at 38.

[9] *See United States v. Genao*, 869 F.3d 136, 141 (2d Cir. 2017) (no adequate explanation where "the sentencing court explained only that it had 'taken into consideration the factors of 3553(a), oral argument and the submissions, and . . . believe[d that] the sentence . . . [wa]s sufficient but not greater than necessary to meet the aims of the statute,'" and failed to offer any explanation for applying a contested 16-level enhancement (alterations in original)); *United States v. Zackson*, 6 F.3d 911, 923 (2d Cir. 1993) (no adequate explanation where sentencing court stated only "I have considered everything").

consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  The

Government is correct that this Court presumes that the sentencing judge

has considered all relevant § 3553(a) factors and arguments unless the

record suggests otherwise.[10]  That presumption certainly applies here, and

is supplemented by the court's explicit statement that it had considered the

§ 3553(a) factors.  However, the fact that the court considered the § 3553(a)

factors and arguments does not satisfy the separate obligation under

§ 3553(c) to explain in open court how its consideration led to the sentence

imposed.

To be sure, some of the same concerns animate our precedent on both

§ 3553(a) and § 3553(c).  In both contexts, we have consistently refrained

from requiring the district court to explicitly address specific sentencing

considerations.  We have also never required a district court to explain in

open court why any particular unselected sentence would be inappropriate

---

[10] *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

(either because it is greater than necessary or because it is not sufficient to satisfy the goals of sentencing); we do not oblige district courts to expressly compare various numbers. Under § 3553(c), we simply expect the court to identify the consideration or considerations driving the selection of the sentence that was actually imposed. A district court's explanation for why it chose a particular sentence itself constitutes an explanation for why it believed a higher or lower sentence would not have been "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a).

There is no mechanical test for compliance with § 3553(c). The adequacy of an explanation is highly case specific, as "the length and level of detail required varies depending upon the circumstances."[11] This Court has therefore refused to "encroach upon the province of district courts by dictating a precise mode or manner in which they must explain the

---

[11] *Villafuerte*, 502 F.3d at 210.

11

sentences they impose."[12] We have declined to "insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually"; "prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to consider the Guidelines"; or otherwise require "robotic incantations by district judges."[13] This Court recognizes that "[s]entencing is a responsibility heavy enough without our adding formulaic or ritualized burdens."[14]

Indeed, the "statement" requirement of § 3553(c) sets a low threshold. As the Supreme Court has explained: "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances."[15] Where, as here, "a judge decides simply to apply the

[12] *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020).

[13] *Villafuerte*, 502 F.3d at 210 (punctuation, internal quotation marks, and citations omitted); *see United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) ("Section 3553(c) requires no specific formulas or incantations . . . .").

[14] *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

[15] *Rita*, 551 U.S. at 356.

Guidelines to a particular case, doing so will not necessarily require lengthy explanation."[16] "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical."[17] Moreover, as this Court has recognized, "a brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge."[18] The "context and the record" may render a district court's explanation adequate even where "the judge might have said more."[19]

---

[16] *Id.*

[17] *Id.* at 357; *see id.* at 345, 358 (explanation adequate where sentencing judge stated that a Guidelines sentence was appropriate as "the public needs to be protected").

[18] *Cavera*, 550 F.3d at 193 (internal quotation marks omitted).

[19] *Rita,* 551 U.S. at 359.

Nonetheless, "[s]tating no reasons at all plainly falls short of the requirement to state reasons that is set forth in § 3553(c), no matter what the required level of specificity may be."[20] Recently, this Court reaffirmed that principle in *United States v. Pugh*, where the district court failed to explain a sentence that involved consecutive statutory maximum terms on two counts.[21] This Court recognized that the absence of any explanation obscured the district court's decision-making process, including but not limited to the decision to impose consecutive rather than concurrent terms. We do not read *Pugh* to deviate from longstanding precedent of this Court holding that a district court need not use any particular set of words to satisfy § 3553(c) or expressly address any particular sentencing

---

[20] *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) (internal quotation marks omitted).

[21] *United States v. Pugh*, 945 F.3d 9, 16, 27 (2d Cir. 2019).

14

consideration.[22] *Pugh* simply applies the settled principle that a district court must provide *some* oral account of its reasoning that would permit an understanding of how the district court weighed the relevant considerations and selected the sentence imposed. Although the requisite detail will differ by case, and may often be stated with concision, the utter absence of explanation will never suffice.

In the case before us, the district court understandably might not have felt a need to explain its sentence in light of Rosa's sheer number of fraudulent schemes, particularly after just having heard from numerous victims in open court. We do not question that the need for deterrence is high in this case, and that such a need likely seemed obvious to the district court. However, the fact that we can readily discern from the record any number of good reasons for the sentence imposed does not eliminate the

[22] *See Genao*, 869 F.3d at 142 ("There is no requirement that a judge imposing a sentence provide lengthy or elaborate explanations of the often multiple aggravating and mitigating factors about the offense and the offender, or the precise weight assigned by the court to the various, sometimes competing policy considerations relevant to sentencing.").

district court's independent obligation to explain its reasoning in open court.  Given this unusually spare sentencing transcript, we are constrained to find that § 3553(c) was not satisfied here.

**B.    The error is clear or obvious**

Second, we conclude that the error was clear or obvious.  This Court has repeatedly held that a district court must offer at least some minimal in-court explanation of its sentence.  Of course, "[t]he line between appropriately succinct and inadequately silent may be difficult to draw in particular cases."[23]  In close cases, to determine whether the inadequacy of a district court's explanation reflects a clear or obvious error, we have focused on the "level of detail" in the district court's statements at sentencing.[24]  Here, where the district court provided no detail at all as to its

---

[23] *Genao*, 869 F.3d at 142.

[24] *Villafuerte*, 502 F.3d at 212; *see id.* (any error regarding adequacy of explanation was not obvious as district court "was not mute at sentencing," "found that the bottom of the Guidelines range was 'a fair sentence' given [the defendant's] conduct," and "offered reasons for rejecting [the defendant's] arguments for a non-Guidelines sentence" (citation omitted)).

reasoning process and was silent on the subject of how it arrived at the sentence imposed, the lack of compliance with § 3553(c) is clear.

### C. The error affected Rosa's substantial rights.

Third, we conclude that the error affected Rosa's substantial rights. In so doing, we reject the Government's argument that the district court's issuance of the SOR precludes a finding of plain error.

This Court has previously declined to find plain error where a district court failed to provide an in-court explanation but then adopted in writing a PSR containing "factual findings . . . adequate to support the sentence."[25] Where a district court adequately explains its sentence through subsequent written adoption of a PSR, "the error"—that is, failure to provide an

---

[25] *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008); *see Molina*, 356 F.3d at 277 (no plain error where "there were no specific factual findings and no explicit adoption by the district court of appellant's PSR in open court" but "[t]he adequate findings of defendant's PSR were adopted in the written judgment" (citation omitted)).

adequate *in-court* explanation—"d[oes] not affect a substantial right of the defendant."[26]

Here, however, the SOR was unusually disconnected from the orally imposed sentence and contained too many errors to reflect clear adoption of the PSR and to serve as an adequate explanation for the sentence imposed. Although the SOR purported to adopt the PSR without change, in fact the district court had explained in open court that it was deviating significantly from the PSR's Guidelines calculation. Moreover, the SOR identified a different total offense level and a different Guidelines range than those used at sentencing.[27] And finally, the SOR identified a completely different restitution amount than the amount imposed at sentencing. The SOR provided only confusion, not an explanation.

---

[26] *Molina*, 356 F.3d at 278.

[27] The SOR also stated that the sentence imposed fell within the Guidelines range even though this sentence actually fell beneath the Guidelines range calculated in the PSR (94 to 111 months). It appears to be mere coincidence that the actual sentence imposed fell not only within the range used at sentencing but also within the erroneous range in the SOR.

Given the number of inaccuracies in the SOR, we conclude that the error here affected Rosa's substantial rights.

### D. The error seriously affects the fairness, integrity, or public reputation of judicial proceedings

Fourth and finally, we conclude that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. As the Supreme Court explained in *Rita v. United States*, § 3553(c)'s requirement protects public trust in the judiciary:

> The statute does call for the judge to "state" his "reasons." And that requirement reflects sound judicial practice. Judicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust.[28]

Here, no explanation of the sentence is evident from the record, whether from the transcript of the sentencing hearing or other materials, and the reasons underlying Rosa's sentence are therefore not available either to this

---

[28] *Rita*, 551 U.S. at 356.

Court or the public. Accordingly, all four prongs of the plain error test are satisfied in this case.

We therefore remand with instructions that the district court conduct a resentencing, during which the court will have an opportunity to clearly set forth the reasons for its sentence.[29] In so doing, we stress that nothing in this opinion should be read as intimating a view that this Court harbors concerns regarding the substantive reasonableness of Rosa's sentence. We

---

[29] As to the appropriate remedy, depending on the circumstances of a district court's failure to comply with § 3553(c), our Court has taken either of two approaches. In *United States v. Lewis*, we remanded with instructions that the district court vacate the sentence and conduct a full resentencing. 424 F.3d at 249. By contrast, in *United States v. Zackson*, we "affirm[ed] the judgment of conviction and sentence" but remanded for an adequate statement of reasons. 6 F.3d at 914. We also stated that the same panel would "retain jurisdiction in the event of a subsequent appeal." *Id*. at 924. (We commonly use the term "*Jacobson* remand" to refer to the approach in which we "remand partial jurisdiction to the district court to supplement the record on a discrete factual or legal issue while retaining jurisdiction over the original appeal." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, *J*., concurring). The name derives from *United States v. Jacobson*, in which this Court recognized the authority of federal appellate courts to seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record." 15 F.3d 19, 22 (2d Cir. 1994).) This Court has discretion to follow either path. We conclude that the *Lewis* course is more appropriate here, given the confusion caused by the conflicting restitution amounts. By directing the district court to vacate the sentence and to conduct a fresh sentencing, the court will have authority to enter a correct restitution order free from any jurisdictional doubt.

limit ourselves to the single question of whether the record satisfies § 3553(c).

## III.   CONCLUSION

In sum, we hold that where a district court offers no explanation for its sentence, and where neither the adopted PSR nor the SOR adequately demonstrates the court's reasoning, the court has committed plain error in violation of § 3553(c).

We therefore **REMAND** the case to the district court to vacate the sentence and conduct a resentencing that satisfies § 3553(c).