20-966-cr
*United States of America v. Barrera*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-one.

PRESENT:     JOHN M. WALKER, JR.,
             RICHARD C. WESLEY,
             WILLIAM J. NARDINI,
                     *Circuit Judges.*

UNITED STATES OF AMERICA,

          *Appellee,*

     v.                                                        No. 20-966

EMILIO ALEJANDRO BARRERA,

          *Defendant- Appellant.*

FOR APPELLEE:                      DANIELLE M. KUDLA (Danielle R. Sassoon,
                                   *on the brief*), Assistant United States
                                   Attorneys, *for* Audrey Strauss, Acting
                                   United States Attorney, Southern District of
                                   New York, New York, NY.

FOR DEFENDANT-APPELLANT:           MARK GOMBINER (Colleen P. Cassidy, *on
                                   the brief*), Federal Defenders of New York,
                                   Inc., New York, NY.

On appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Emilio Alejandro Barrera appeals from a judgment of conviction entered on March 9, 2020, by the district court.  On October 30, 2019, Barrera pleaded guilty to one count of illegally reentering the United States following removal subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  The district court sentenced Barrera principally to 24 months in prison**.**  We assume the reader's familiarity with the record and issues in this case.

Barrera argues that his sentence is procedurally unreasonable because the district court based its sentencing analysis in part on dismissed narcotics charges.  He cites *United States v. Juwa*, in which this Court held that, "at sentencing, an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed."  508 F.3d 694, 701 (2d Cir. 2007).

In reviewing the procedural reasonableness of a criminal sentence, this Court generally uses "a deferential abuse-of-discretion standard."  *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).  Here, however, the Government asks the Court to review Barrera's argument for plain error, the standard of review applicable to claims of error not raised in the district court.  *See United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) ("We review for plain error where . . . the defendant failed to raise [an] objection below.").  We conclude that Barrera adequately preserved

his objection below by protesting as soon as the district court first mentioned the charges at issue, triggering an extensive discussion between the Government and the district court on the propriety of considering the charges at sentencing. Accordingly, we apply our traditional abuse-of-discretion standard to Barrera's claim.

Even under this usual standard, there was no procedural error. The district court expressly declined to consider the narcotics charges at issue. Barrera mischaracterizes the sentencing transcript in claiming that the court subsequently changed its mind. The transcript reflects only an exchange in which the district court clarified the Government's position regarding consideration of the charges, not its own view. The court's statements did not suggest that it was giving any weight to the dismissed narcotics charges.

We have considered Barrera's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3