20-514-cr
*U.S. v. Riley*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of May, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*                              20-514-cr

                v.

JOEL C. RILEY

        *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:         TRACY HAYES, Assistant Federal
                                 Defender *for* Terence S. Ward, Federal
                                 Defender for the District of Connecticut,
                                 New Haven, CT.


FOR APPELLEE:                    NEERAJ N. PATEL, Sandra S. Glover (*on
                                 the brief*), Assistant United States
                                 Attorneys, *for* John H. Durham, United
                                 States Attorney for the District of
                                 Connecticut, New Haven, CT.

Appeal from a January 28, 2020 judgment of sentence of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Joel C. Riley challenges a 24-month sentence of imprisonment imposed by the District Court after Riley pleaded guilty to one count of bankruptcy fraud in violation of 18 U.S.C. § 157. Riley is currently serving his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Riley contends that the District Court committed procedural error by basing his sentence on the clearly erroneous factual suppositions (1) that Riley was not a "typical first-time offender"; (2) that Riley should be characterized as a "financial predator"; and (3) that there was no causal connection between Riley's mental health and his criminal conduct.

We hold that the District Court committed no procedural error. The District Court recognized that Riley had no prior criminal convictions but also (appropriately) considered Riley's undisputed and significant history of *uncharged* fraud in determining his sentence. The same undisputed history of fraud was sufficient to justify the District Court's characterization of Riley as a "financial predator."[1] Finally, the District Court reasonably declined to find a causal connection between Riley's asserted mental health problems and his history of criminal conduct. In making this determination, the District Court appropriately discounted the opinion submitted by Riley's former psychotherapist Donald Hiebel, since Dr. Hiebel did not clearly evince awareness of Riley's full history of fraudulent acts, let alone demonstrate that he considered that full history in his analysis.

Riley also argues that a prison sentence of 24 months is substantively unreasonable, principally because (1) the District Court failed to consider alternatives to imprisonment; (2) the sentence is comparable to a four-year term of imprisonment when considered in combination with the approximately two years of pretrial release, during which Riley faced extreme anxiety and was forced to put his life "on hold"; (3) the sentence was, on an accurate reading of the record, greater

---

[1] Riley appears to argue that his motives were too prosocial for him to be considered a "financial predator." He insists that he committed his crimes not to indulge himself but to maintain the lifestyle of his family—which included some victims of his fraud—whose desires he lacked the psychological strength to refuse. Whether or not the term "financial predator" is perfectly apt, the record supports the District Court's basic judgment: Riley was a longtime, habitual fraudster.

2

than necessary for specific deterrence or other goals of sentencing policy; and (4) atypically, one of the victims of Riley's criminal conduct (Riley's ex-wife) asked the Court to impose no jail time.

Riley's substantive challenges to the sentence fail. While the District Court did not explicitly discuss alternatives to imprisonment, the record shows that it was mindful of its statutory duty under 18 U.S.C. § 3553(a) to consider "the kinds of sentences available,"[2] and "this Court presumes that the sentencing judge has considered all relevant . . . factors and arguments unless the record suggests otherwise."[3] As Riley admits, a prison term of 24 months was at the bottom of the range indicated by the advisory United States Sentencing Guidelines; this fact in itself strongly suggests that the sentence was not unreasonably long.[4] The record shows that Riley did not put his life "on hold" during pretrial release, but continued major life activities, including gainful employment. Moreover, as the government argues, Riley himself caused most of the delay in the criminal proceedings by repeatedly moving for continuances.

We also agree with the District Court that the sentence was not longer than necessary (particularly in view of the policy goals of specific deterrence and just punishment) given Riley's long history of fraud, the elaborateness of the criminal scheme for which he was convicted, and his grave misconduct in committing a fraud on the Bankruptcy Court of the District of Connecticut. Although Riley's ex-wife requested no jail time, she did so not, contrary to Riley's suggestion on appeal, based on Riley's good character, but to avoid serious economic and emotional harms to herself and her children. Such harms to third parties commonly result from imprisonment of convicted persons, and Riley fails to show that his circumstances are exceptional.

**CONCLUSION**

We have considered all Riley's arguments on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 28, 2020 judgment of sentence of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] *See* Joint Appendix 136 (Transcript of January 23, 2020 Sentencing Hearing).

[3] *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

[4] *See Rita v. United States*, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.").