20-2584-cr
*United States v. Sanders*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
MICHAEL H. PARK,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                             20-2584-cr

v.

DEQUEISHA SLEDGE, AKA QUEISH, AKA SHONTAY,
TORRENCE GAMBLE, AKA BONES, AKA BONE,
ANTHONY MCBRIDE, AKA MOTO, JOEY FULLER,
MALCOLM NEWTON, AKA BIGGIE, MARQUIS
PARKER, MARVIN SPRUILL, AKA MARV, MILTON
VEREEN, AKA M.D., RASHAAN WOOLFOLK, AKA
BOOKA, HUSAIN REDMOND, AKA PULLIE, ROBERT
THOMPSON, AKA BOBBY D, AKA BOBBY DIESEL,
CHAUNCEY EVANS, AKA CHAOS, CARNELL EDWARDS,
OSVALDO SAEZ, KIERRON STANLEY, RONNIE
GORDON, AKA POP,

*Defendants,*

ZARKEE SANDERS,

*Defendant-Appellant*.

_____

FOR APPELLEE:                                   Patrick F. Caruso and Marc H. Silverman,
                                                Assistant United States Attorneys, *for*
                                                Leonard C. Boyle, Acting United States
                                                Attorney for the District of Connecticut,
                                                New Haven, CT.

FOR DEFENDANT-APPELLANT:                         Todd Bussert, Frost Bussert, LLC, New
                                                Haven, CT.

Appeal from an order dated July 20, 2020 of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Zarkee Sanders appeals from an order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. Sanders seeks reduction of the sentence imposed pursuant to his 2019 conviction, while he was on federal supervised release, of conspiracy to possess with the intent to distribute and to distribute a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The District Court sentenced Sanders to a term of 41 months of imprisonment, as well as a consecutive term of 24 months of imprisonment for his supervised release violation, to be followed by another three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(1)(A)—the compassionate release provision—permits a court, after considering the factors set forth in 18 U.S.C. § 3553, to reduce the sentence of a prisoner who has exhausted all administrative remedies if "extraordinary and compelling reasons warrant such a reduction."[1] When considering compassionate release motions under Section 3582(c)(1)(A), district courts have "broad" discretion.[2] We review the denial of a motion for "discretionary sentence reduction" for abuse of discretion.[3]

_____

[1] 18 U.S.C. § 3582(c)(1)(A)(i).

[2] *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

[3] *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

Sanders principally argues that the District Court erred in concluding he failed to establish "extraordinary and compelling reasons" for compassionate release, despite showing that he suffers from certain health conditions—hypertension, pre-diabetes, and obesity—that he argued placed him at greater risk of serious illness from COVID-19 while incarcerated.[4] We do not agree.[5]

In its order, the District Court set forth the procedural and factual history of the case, as well as its reasoning for concluding Sanders should not be granted discretionary relief. The District Court acknowledged that an inmate's risk of developing severe complications from COVID-19 based on medical history may constitute "extraordinary and compelling" reasons to grant compassionate release, often in combination with other factors. The District Court concluded that Sanders was not facing imminent danger, based primarily on Sanders's medical records showing that his health conditions were well controlled as well as FCI Fort Dix's lack of COVID-19 fatalities and low infection-rate.

The District Court went on to explain that, even if Sanders had sufficiently demonstrated extraordinary and compelling circumstances, it would still decline to release him as a danger to the public because there was no basis upon which it could conclude that Sanders would not resume criminal activity upon his release from incarceration. To reach this conclusion, the District Court considered Sanders's criminal history and his instant offense conduct, noting that he had fifteen prior convictions, including a prior federal felony conviction for which he was serving a term of supervised release at the time he committed the instant offense. Further, the record indicates that the District Court properly considered the relevant factors under 18 U.S.C. § 3553(a), ultimately concluding that they, too, did not support resentencing Sanders.[6] Finally, the District Court also

---

[4] Sanders Br. at 10-18.

[5] After Sanders filed this appeal, in November 2020 Sanders was transferred from Federal Correctional Institution ("FCI") Fort Dix to a residential reentry center. Insofar as Sanders's argument on appeal rests upon his continued confinement at FCI Fort Dix placing him at greater risk of developing serious illness from COVID-19, his challenge to the denial of his motion cannot prevail.

Furthermore, although Sanders was transferred in March 2021 from that residential reentry center to his fiancé's residence to serve out the remainder of his term of imprisonment on home confinement, Sanders's appeal is not moot. Indeed, Sanders moved for the District Court to reduce his sentence "so as to permit immediate placement on supervised release conditioned on, inter alia, home confinement and self-quarantining at his fiancé's West Haven residence." Joint App'x 227. Since Sanders is still serving his term of imprisonment, albeit confined at home, he has not received the relief he sought below: immediate placement on supervised release.

[6] We "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). A district court is not required to "discuss every § 3553(a) factor individually" or to recite "robotic incantations" in sentencing decisions. *Id.* at 119. "[W]e do not consider what weight we would ourselves have given a particular factor"; rather, "we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (*en banc*) (citation omitted).

determined that because Sanders had served 40 percent of his term of imprisonment imposed for his supervised release violation, "[a] sentence of time served would not promote respect for the law given [Sanders's] continued defiance of it or deter him from resuming criminal activity." Joint App'x 311.

All in all, we cannot find that the District Court abused its discretion in denying Sanders's motion.

## CONCLUSION

We have reviewed all of the arguments raised by Sanders on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 20, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4