*United States v. Rosa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                21-2817

GILBERTO ROSA,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Marietou E. Diouf, Assistant United States Attorney (David C. James, *on the brief*), on behalf of Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | Steven A. Metcalf II, Metcalf & Metcalf, P.C., New York, NY |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the case is **REMANDED** to allow correction of the Statement of Reasons.

Defendant-Appellant Gilberto Rosa appeals from an amended judgment of conviction entered on November 9, 2021 by the U.S. District Court for the Eastern District of New York (Johnson, *J.*) following remand from this Court, *see United States v. Rosa*, 957 F.3d 113, 115 (2d Cir. 2020) ("*Rosa I*"). The amended judgment, like the one originally imposed, sentences Rosa to 87 months' imprisonment and three years of supervised release, following a guilty plea, for one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. On appeal, Rosa challenges the reimposition of this sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). Our review of a sentence is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (citation omitted). We find substantive error "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We find procedural error where, *inter alia*, the district court "makes a mistake in its

2

Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Id.* at 190.

In *Rosa I*, this Court remanded the case to the district court with instructions to vacate the sentence and to conduct a resentencing, concluding that the district court "failed to provide any explanation of the sentence imposed" in violation of 18 U.S.C. § 3553(c). 957 F.3d at 118. Rosa now argues that the district court failed, yet again, to adequately explain its sentence. In particular, Rosa contends that the district court "failed to make specific findings to all the additional arguments and circumstances [his counsel] raised throughout [the] resentencing proceedings" and instead focused on justifying the sentence it had previously imposed. Opening Br. at 9. For the following reasons, we disagree.

As this Court has explained, "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Robinson*, 799 F.3d 196, 202 (2d Cir. 2015) (quoting *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006)). "[A] district court is under no obligation to engage in an express discussion of every argument made by a defendant at sentencing." *Id.* Accordingly, the mere fact that the district court did not explicitly address each of Rosa's argument does not render the sentence procedurally unreasonable. Nevertheless, Rosa argues that the district court's statement regarding the "simple and specific" mandate issued by this Court "to give the reasons why [it] imposed the sentence [it] did" indicates that the court misunderstood its responsibilities upon resentencing. App'x 419. We decline to draw that inference, finding another interpretation of the district court's words to be more plausible.

"When we overturn a sentence without vacating one or more underlying convictions and remand for resentencing," as we did in this case, "the 'default rule' is that the remand is for limited,

3

and not de novo, resentencing." *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1228–29 n.6 (2d Cir. 2002)). "When our remand is limited, the mandate rule generally forecloses re-litigation of issues previously waived by the parties or decided by the appellate court," subject to certain exceptions. *Id.* The district court's comments regarding the scope of the remand followed a lengthy sentencing hearing in which the court gave Rosa and his counsel ample opportunity to air their arguments. In this context, it appears that the district court was simply asserting its understanding that the remand was a limited one, thus rendering the mandate rule in effect. As such, the district court's statements do not "clearly suggest[]" that the district court failed to "consider[] all arguments properly presented to" it. *Fernandez*, 443 F.3d at 29. We thus decline to find procedural error on this ground.

Rosa also argues that his sentence is substantively unreasonable, though he fails to distinguish his argument regarding substantive unreasonableness from his procedural objections. Here, Rosa was sentenced to a term of 87 months' imprisonment, which was at the top of the Guidelines range. Though we have declined to adopt a formal presumption that a within-Guidelines sentence is reasonable, we have held that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (quoting *Fernandez*, 443 F.3d at 27); *see also United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress."). Not only does the district court's sentence fall within the Guidelines range, albeit on the high end, but, as we recognized in the prior appeal, "we can readily discern from the record any number of good reasons for the sentence imposed," including "Rosa's

4

sheer number of fraudulent schemes" and "that the need for deterrence is high in this case." *Rosa I*, 957 F.3d at 120. There is thus no basis upon which to find the sentence substantively unreasonable.

Although we conclude that the sentence imposed by the district court was not unreasonable, we remand for the limited purpose of correcting certain errors in the written Statement of Reasons dated November 8, 2021. At the resentencing, the district court orally adopted the presentence investigation report ("PSR") subject to the modifications noted during the original sentencing, namely that Rosa's total offense level was 23—not 26, as calculated in the PSR—thus altering the applicable Guidelines range. The written Statement of Reasons filed by the district court, however, erroneously stated that the court adopted the PSR without change and reflected a total offense level of 26 as well as a concomitantly higher Guidelines range for Count One. Because the Statement of Reasons is inaccurate, we remand this case to allow the district court to amend the Statement of Reasons to reflect the oral findings of the district court.

\* \* \*

We have considered Rosa's remaining arguments and conclude they lack merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and the case is **REMANDED** for the limited purpose of allowing the district court to reconcile the Statement of Reasons with the terms pronounced at sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5