20-4200
*United States v. Wright*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                    20-4200

Matthew Wright, AKA SB,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Frank Balsamello, Won S. Shin, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Andrew Levchuk, Andrew Levchuk, Counsellor at Law, LLC, Amherst, MA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing.

In October 2016, a jury convicted Defendant-Appellant Matthew Wright of one count of conspiracy to commit Hobbs Act robbery and one count of violating 18 U.S.C. § 924(c) (Firearms Possession, Brandishing, and Discharge). The district court sentenced Wright to 282 months' imprisonment and 3 years' supervised release. On appeal, this Court dismissed the § 924(c) conviction and remanded for resentencing in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court then resentenced Wright to 180 months' imprisonment and 3 years' supervised release. He now appeals again. We assume the parties' familiarity with the facts, procedural posture, and issues on appeal.

We review unpreserved objections to a defendant's sentence for plain error. *See United States v. Bennett*, 839 F.3d 153, 162 n.6 (2d Cir. 2016). To meet the plain error standard, a defendant must establish four elements:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Rosa*, 957 F.3d 113, 117-18 (2d Cir. 2020) (citation omitted).

A.   Guidelines § 5G1.1

When reviewing a sentence for procedural reasonableness, we "check the sentence to ensure . . . that the district court followed the right steps in imposing it." *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Traficante*, 966 F.3d 99, 102 (2d Cir. 2020) (cleaned up).

"Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). We have held that it is plain error for a district court (1) to calculate a Guidelines range in excess of a statutory maximum, and then (2) to fail to state that the Guidelines range *becomes* the statutory maximum under Guidelines § 5G1.1. *See United States v. Dorvee*, 616 F.3d 174, 180-82 (2d Cir. 2010). We have applied this rule even absent clear evidence that the district court actually relied on an erroneously calculated Guidelines range. *See Bennett*, 839 F.3d at 162-63.

Here, Wright argues that the district court failed to apply § 5G1.1(a), leading it to miscalculate the applicable Guidelines range. Such a failure, he says, requires a remand for resentencing. We agree. At sentencing, the district court stated that the Guidelines range was greater than the statutory maximum sentence. The supplemental presentence report and the district court's statement of reasons said the same. Although the government stated the correct Guidelines range on the record, the court never acknowledged or adopted that position. These

3

errors warrant resentencing because a miscalculated Guidelines range "may well have anchored the [d]istrict [c]ourt's thinking as to what an appropriate sentence would be." *Id.* at 163.

The government's arguments to the contrary are unavailing. First, the district court's observation that the statutory maximum sentence was below the Guidelines Range does not remedy its error. Rather, that observation suggests that the district court believed the statutory maximum sentence and the Guidelines range to be different, even as the Guidelines required that they be the same. *See id.* at 162 ("The maximum here is ten, the guidelines are 11 to 14."). Second, the government argues that Wright's substantial rights were unaffected because the district court used the statutory max as the "starting point from which [it] applied a significant downward variance." Appellee's Br. at 14. But on our review of the record, the district court's reasoning is not as clear as the government suggests. Given the uncertainty in the record, we err on the side of caution and remand for the district court to consider whether it wishes to revise its sentence with a Guidelines range of 240 months as the starting point.

B.      Remaining Claims

Wright's remaining arguments are waived. He expressly waived any challenge to a condition of supervised release requiring he attend a cognitive behavioral program. Wright also waived his challenge to the district court's consideration of three prior sentences, each involving conduct occurring while Wright was under the age of eighteen, in its calculation of his criminal history category under the Guidelines. In any event, although Wright suggests that considering these sentences was "unfair[]," he concedes that "the [G]uidelines allow for taking such convictions into account." Appellant's Reply Br. at 4.

*       *       *

We have considered all of Wright's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court