25-1658-cr (L)
*United States v. Nash*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>> *Appellee*,

> v.                                              25-1658-cr (L);
                                                   25-1662-cr (Con)

JOSEPH NASH, AKA NASH VON WICKED,
AKA NASH BRIDGES,

>> *Defendant-Appellant*.

---

For Defendant-Appellant:

> Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, NDNY, Syracuse, NY.

For Appellee:

> Joshua R. Rosenthal and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Todd Blanche, Deputy Attorney General, and John A. Sarcone III, Acting

1

United States Attorney for the Northern District of New York, Syracuse, NY.

Appeals from judgments of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant Joseph Nash appeals from two judgments of the United States District Court for the Northern District of New York, entered on June 20, 2025, arising from the sixth revocation of Nash's supervised release following his 2009 conviction for distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2256(8)(A). The first challenged judgment convicted Nash, upon his plea of guilty under 18 U.S.C. § 2250(a), for failing to register an email address as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, and sentenced him to a 21-month term of imprisonment, to be followed by a five-year term of supervised release, which included a prohibition on viewing or possessing any pornographic materials. The second challenged judgment convicted Nash, upon his admission of guilt, of three violations of the conditions of his supervised release. The court found that between September and November 2023, mere weeks after being released from prison following his fifth revocation—*i.e.*, at the beginning of his sixth term of supervised release—Nash acquired two unauthorized cell phones, used the devices to access an unregistered email account and pornographic materials, and repeatedly lied to the Probation Department about doing so. The court sentenced Nash to a 10-month prison term for the supervised-release violations, to be consecutive to his 21-month term on the SORNA violation. Nash now asks this Court to vacate his collective sentence and to remand for resentencing, arguing that the pornography prohibition is unduly broad

because it includes adult pornography, and that the sentence of imprisonment is unreasonable. We assume the parties' familiarity with the case.

## I. Pornography Ban

We begin with Nash's challenge to the special condition prohibiting him from viewing or possessing sexually explicit content, including adult pornography. Our Court has explained that "prohibitions on such material must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives." *United States v. Bullock*, 152 F.4th 108, 122 (2d Cir. 2025).[1] "We generally review the imposition of conditions of supervised release for abuse of discretion and any related legal rulings de novo." *Id.* at 120. Nash relies in part on this Court's decision at an earlier stage of this case (after Nash's fifth revocation of supervised release) in which we vacated the district court's imposition of a similar condition of supervised release prohibiting him from accessing adult pornography. *United States v. Nash*, No. 23-6346, 2024 WL 3320861, at *2–*3 (2d Cir. July 8, 2024). We held that the district court failed to sufficiently explain the basis for imposing such a ban, and we noted it was "unclear from the record the basis on which the district court concluded that, more than a decade after his underlying conviction, Nash's exposure to adult pornography would result in his recidivism." *Id.* at *2.

In the present case, however, the record is more developed and the district court offered a more ample explanation for its ban on adult pornography. At sentencing, the district court stated that a ban on all pornography was needed due to Nash's "commission of the instant offense while

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

on supervised release for a sexual offense, his history in accessing pornography on unauthorized unmonitored devices, and his diagnosed impulse control disorder." App'x at 274. These findings are well supported by the record and justify the challenged condition. The record showed that Nash had been diagnosed with impulse control disorder, which was known to increase the recidivism risk for sexual offenders. And new evidence was introduced as to how Nash's desire to view adult pornography led directly to his use of unauthorized and unmonitored cell phones (which violated his conditions of release), as well as an unregistered email address (which violated SORNA).[2] The district court's finding therefore adequately explained why its limit on Nash's access to sexually explicit content was "reasonably related" to at least two of the goals of sentencing specified in 18 U.S.C. § 3553(a): "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B)-(C), 3583(d)(1); *see United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019) (vacating adult-pornography ban where district court failed to explain why defendant's viewing of such pornography represented a particular risk to the public). The adult pornography ban also did not impose a greater deprivation of liberty than was reasonably necessary, *id.*, not least because the court agreed to lift the pornography ban if, at some point, a treatment provider advised that Nash's viewing of adult pornography would not hinder his rehabilitation or present a danger to the community.

## II.    Reasonableness of 31-Month Term of Imprisonment

Nash next challenges the procedural and substantive reasonableness of his 31-month aggregate term of imprisonment.

---

[2] Further, the internet browsing history discovered on Nash's unregistered cell phones gives rise to concerns that Nash may transition from viewing legal pornographic content to illegal content. *See Bullock*, 152 F.4th at 123.

First, Nash takes issue with the district court's failure to specify a basis for running his two terms of imprisonment consecutively rather than concurrently and its failure to distinguish the conduct underlying each of the two sentences. An examination of the record shows, however, that the district court provided clear, distinct rationales for imposing both the 21-month and the 10-month terms of imprisonment. This satisfied the "low threshold" needed to meet 18 U.S.C. § 3553(c)(1)'s "statement requirement." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020).

Second, Nash suggests that 18 U.S.C. § 3553(c)(2) required the district court to provide an explanation for imposing an aggregate term of imprisonment outside the range prescribed by the United States Sentencing Guidelines. But this Section was inapplicable because Nash received within-Guidelines sentences, both for his SORNA offense and for his violations of supervised release. Section 7B1.3 of the Guidelines makes clear that a term of imprisonment resulting from revocation of supervised release must run consecutively to any other term of imprisonment that the defendant is serving. *See* U.S.S.G. § 7B1.3(f). We thus discern no procedural error in the district court's imposition of an overall 31-month term of imprisonment.

Finally, Nash argues that his aggregate 31-month prison sentence was substantively unreasonable. We disagree. Given Nash's repeated violations of the terms of his supervision, the seriousness of his most recent violation, his blatant lies to the Probation Department, and the gravity of his underlying offenses, we cannot say that his sentence was "shockingly high" or "otherwise unsupportable as a matter of law." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020).

*     *     *

We have considered Nash's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk