20-1549-cr
*United States v. Deandrade*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

         *Appellee,*                    20-1549-cr

         v.

DANIEL DEANDRADE,

         *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | MICHAEL HERMAN (Anna M. Sotko, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | DARRELL FIELDS, Counsel, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY. |

1

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Daniel Deandrade appeals from an order entered May 11, 2020, denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.[1] Deandrade seeks reduction of a sentence that was imposed pursuant to his 2008 conviction by a jury of conspiracy to distribute, possession with the intent to distribute, and distribution of more than 50 grams of cocaine base. The District Court (Leonard B. Sand, *Judge*) sentenced Deandrade to two concurrent terms of 300 months of imprisonment to be followed by 10 years of supervised release, and this Court affirmed his conviction and sentence.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence."[3] Here, although the Government initially disputed Deandrade's eligibility for relief under the First Step Act, in light of this Court's recent decision in *United States v. Davis*, 961 F.3d 181 (2d Cir. 2020), the Government on appeal concedes that Deandrade is eligible.[4]

The question we must ask, then, is whether the District Court exceeded its discretion in denying Deandrade's motion. While Deandrade is *eligible* for relief, "he is not necessarily *entitled* to relief" because "[t]he First Step Act is clear that it does not 'require a court to reduce any

---

[1] *United States v. Deandrade*, No. 07-cr-12, 2020 WL 2317093 (S.D.N.Y. May 11, 2020).

[2] *United States v. Deandrade*, 600 F.3d 115, 120 (2d Cir. 2010).

[3] *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

[4] Deandrade argues that the District Court erred by denying his motion for a sentence reduction "without deciding the threshold question of whether [he] was eligible for relief under the [First Step] Act." Br. 2. Here, The District Court concluded that a sentence reduction was unwarranted regardless of Deandrade's eligibility. *Deandrade*, 2020 WL 2317093, at *1 ("Because the Court finds that resentencing is not warranted here in any event, the Court need not resolve the issue of whether eligibility is to be based on the charged offense or the offense conduct."). We recently explained that, "even though our framing in *Moore* suggests a district court will generally first determine eligibility," where, as here, a district court makes clear that a defendant's eligibility would not have made a difference in its exercise of discretion, "we see no reason why it was improper for the district court to assume without deciding that [the defendant] was eligible." *United States v. Smith*, 982 F.3d 106, 111 n.3 (2d Cir. 2020).

sentence."[5] As a result, whether a defendant's sentence should be reduced "is a matter left to the district court's sound discretion."[6] We review the denial of such a motion for abuse of discretion.[7]

Deandrade principally argues that the District Court erred when it denied him relief under the First Step Act because it placed "undue weight" on Deandrade's criminal history—which he further contends was overstated by the District Court's original determination that he was in Criminal History Category V—as well as on his offense conduct.[8] We do not agree. In its order, the District Court set forth the procedural and factual history of the case, as well as its reasoning for its conclusion that Deandrade should not be granted discretionary relief under the First Step Act. It considered Deandrade's criminal history, his offense conduct, and his conduct in prison.[9] The District Court noted that "Defendant's drug dealing began when he was fifteen and continued virtually uninterrupted until he was arrested on this matter in his early thirties," and that it took place "on a massive scale in two cities over an extended period of time, wreaking untold damage on those communities" over the course of two decades.[10]

Nor do we find anything in the record suggesting that the District Court assigned undue weight to any one factor under 18 U.S.C. § 3553(a). We "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise."[11] A district court is not required to "discuss every § 3553(a) factor individually" or to recite "robotic incantations" in sentencing decisions.[12] "[W]e do not consider what weight we would ourselves have given a particular factor"; rather, "we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case."[13] Here, the record suggests that the District Court considered the relevant factors, including the "nature and circumstances of the offense" and "the history and characteristics of the defendant."

---

[5] *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) (quoting First Step Act, § 404(c), 132 Stat. at 5222).

[6] *Id.* at 666; *see also Moore*, 975 F.3d at 92 n.36 (explaining that "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence").

[7] *See Holloway*, 956 F.3d at 664; *see also Smith*, 982 F.3d at 110–11 ("'Section 404 relief is discretionary,' and where a district court exercises its discretion to deny an eligible defendant's motion, our limited role on appeal is to evaluate whether that discretion was abused[.]" (internal citations omitted).

[8] Deandrade Br. at 29, 28–30.

[9] *Deandrade*, 2020 WL 2317093, at *2.

[10] *Id.*

[11] *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

[12] *Id.* at 119.

[13] *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (*en banc*) (citation omitted).

All in all, we cannot find that the District Court abused its discretion in relying upon Deandrade's history of criminal acts and instant offense conduct as a basis for denying his First Step Act motion.

## CONCLUSION

We have reviewed all of the arguments raised by Deandrade on appeal and find them to be without merit.[14] For the foregoing reasons, we **AFFIRM** the May 11, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[14] Deandrade also seeks remand on the basis that the District Court's decision to deny Deandrade's motion "*could have been* affected by the Government's misrepresentation that [Deandrade] had assaulted a corrections officer[.]" Deandrade Supp. Br. at 10 (emphasis added). In January 2021, the Government submitted a letter to this Court correcting an error in the record; specifically, that the 2012 incident in prison involved another inmate, not a corrections officer. But the District Court's reasoning did not depend on this incident. Indeed, it was only after concluding that "[t]he seriousness of [Deandrade's] crime and the length and seriousness of his criminal history counsel against any reduction in sentence" that the District Court went on to note, "[t]hat Defendant was involved in a violent incident involving an assault on a correction officer as recently as 2012 confirms this conclusion." *Deandrade*, 2020 WL 2317093, at *2 & n.1.