21-940-cr
United States v. English (Johnson)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

PRESENT:  JOHN M. WALKER, Jr.,
GERARD E. LYNCH,
ALISON J. NATHAN,
*Circuit Judges.*

_____

United States of America,

*Appellee*,

v.                                                                              No. 21-940

Derek Andre English, Ronald Anderson, Brian McCleod, AKA Slim, AKA Brian Connelly, AKA Joseph King, AKA Brian Conley, AKA John A. Conley, Shawn Williams, AKA William Shawn, Jason Williams, Derrick Grant, James J. Rosemond,

*Defendants*,

Rodney Johnson, AKA Rodney T. Hibbert, AKA Toree Johnson,

*Defendant-Appellant.*

_____

FOR APPELLEE:                               Elizabeth Hanft, Drew Skinner, Stephen J.
                                                       Ritchin, Assistant United States Attorneys,
                                                       *for* Damian Williams, United States

Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    Rodney Johnson, *pro se*, Joint Base MDL, NJ.

Appeal from an order of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2015, the district court sentenced Rodney Johnson to 300 months' imprisonment following his conviction for narcotics conspiracy, narcotics possession, and possession of a firearm in furtherance of a drug trafficking crime. In 2020, Johnson moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on his medical conditions and the ongoing COVID-19 pandemic. The district court denied his motion. Johnson appeals, proceeding *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or if it "render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

2

18 U.S.C. § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If a defendant is eligible for a reduction, the district court must "determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

Johnson argues on appeal that the district court failed to consider 18 U.S.C. § 3553(a)(2)(D), which requires the district court to consider the need for the imposed sentence to provide the defendant with medical care in the most effective manner. Johnson is correct that the district court did not explicitly state that it was considering this factor as part of its § 3553(a) assessment. However, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020); *see United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (applying *Rosa* to the compassionate release context). Johnson does not identify any portion of the record suggesting that the district court failed to consider § 3553(a)(2)(D). To the contrary, the district court considered Johnson's medical issues and acknowledged that Fort Dix "is far from an ideal place to be during a pandemic, especially for someone like Johnson," but it determined that other § 3553(a) factors outweighed the risk of serious COVID complications. The record therefore supports, rather than rebuts, the presumption that the court considered Johnson's need for medical care.

Further, we accord the greatest deference to the district court's decision on how to weigh each of the § 3553(a) factors. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight

3

given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)). Therefore, it was not an abuse of discretion for the district court to explicitly consider and place greater weight on the nature and circumstances of Johnson's offense and his prior criminal history.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court