22-10-cr
*United States v. Fox*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
                       WILLIAM J. NARDINI,
                                   *Circuit Judges,*
                       JED S. RAKOFF,
                                   *District Judge.*[*]

---

UNITED STATES OF AMERICA,

          *Appellee,*                                                    22-10-cr

          v.

ARNOLD C. FOX,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                                    Thomas R. Sutcliffe, Lisa M. Fletcher, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**                    Arnold C. Fox, *pro se*, Marianna, FL.

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant Arnold C. Fox, proceeding *pro se*, appeals the District Court's order denying his motions for a sentence reduction, commonly termed "compassionate release," under 18 U.S.C. § 3582(c)(1)(A)(i). Fox pleaded guilty to kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and 2(b), and, in 2012, the District Court sentenced him principally to 35 years' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Abuse of discretion occurs where a district court "has (1) based its ruling on an erroneous view of the law," (2) "rendered a decision that cannot be located within the range of permissible decisions[,]" or (3) "made a clearly erroneous assessment of the evidence[.]" *Id.* (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce an individual's prison sentence if three requirements are met: "First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities." *Id.* Second, the district court must consider the applicable factors weighed in imposing a sentence, set forth in 18 U.S.C. § 3553(a). *See* § 3582(c)(1)(A). Third, the defendant must demonstrate that "extraordinary and compelling reasons warrant" a sentence reduction. § 3582(c)(1)(A)(i). The failure to satisfy any of these three requirements provides grounds to deny a motion for compassionate release. *See, e.g.*, *Keitt*, 21 F.4th at 73.

Fox moved for compassionate release in June and October 2021. He asserted that his medical conditions amid the COVID-19 pandemic and his "unusually long sentence," resulting in an unwarranted sentencing disparity, were extraordinary and compelling reasons for release. Gov't App'x 67, 135. He further contended that his purported rehabilitation weighed in favor of release because the public did not require protection from any further crimes he might commit—a § 3553(a) factor. The District Court denied his motions in December 2021. It determined that Fox's "obesity, high cholesterol, hypertension and pre diabetes [were] insufficient to warrant compassionate release." Gov't App'x 9. It reasoned that the Bureau of Prisons ("BOP") had a

demonstrated ability to manage COVID-19 infections and that the supply of vaccines was increasing.

The question is whether the District Court abused its discretion in reaching its decision. We conclude that it did not. First, there is no indication that the District Court applied an erroneous view of the law. *See Keitt*, 21 F.4th at 71. District courts have "broad" discretion to determine what constitutes an extraordinary and compelling reason. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Here, the District Court exercised that broad discretion. By December 2021, the CDC had recognized that at least some of Fox's medical conditions increase the risk of severe COVID-19. But the District Court considered the countervailing impact of the BOP's ability to manage the pandemic and the increasing vaccine supply. It then decided that, under the circumstances, Fox's proffered conditions were not extraordinary and compelling reasons for release. The District Court did not apply the wrong standard or demonstrate any misunderstanding of it.

Fox contends that the District Court overlooked an extraordinary and compelling reason for release—that he had been sentenced to an usually long period of imprisonment, resulting in an unwarranted disparity. "We have never required a district court to 'address every argument the defendant has made.'" *Keitt*, 21 F.4th at 72 (quoting *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020)). And, in any event, remand is inappropriate because the District Court's reasons for rejecting this argument were "apparent from the record." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013) (quoting *United States v. Batista*, 480 Fed. App'x 639, 642 (2d Cir. 2012) (summary order)); *see United States v. Pena*, 767 F. App'x 48, 50 (2d Cir. 2019) (summary order). The same judge sentenced Fox and denied his motions for compassionate release. At sentencing, the judge explained that Fox had not committed an "ordinary" kidnapping offense. Gov't App'x 52. He further described numerous "aggravating" factors, including the premeditated nature and duration of the offense. *Id.* Fox kidnapped the victim; hit her in the head with a rock; bound her; sexually gratified himself and photographed her while she was unconscious; and, thereafter, abandoned her. The failure to explicitly address Fox's argument about the length of his sentence or any potential disparity did not constitute an erroneous view of the law.

The District Court's decision was also well within the range of permissible ones. *See Keitt*, 21 F.4th at 71. On multiple occasions, we have concluded that a defendant's health condition was not an extraordinary and compelling reason for a sentence reduction despite the COVID-19 pandemic. *See, e.g.*, *United States v. Diaz*, No. 21-1087-cr, 2022 WL 16631169, at *1 (2d Cir. Nov. 2, 2022) (summary order); *United States v. Yancy*, No. 20-4096-cr, 2022 WL 6585231, at *1 (2d Cir. Oct. 7, 2022) (same); *United States v. Sookdeo*, 851 F. App'x 263, 264 (2d Cir. 2021) (same). We have, moreover, affirmed the denial of compassionate release motions in cases where, as here, the defendant's facility either had few confirmed COVID-19 cases or could adequately manage infections. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021); *Diaz*, 2022 WL 16631169, at *1.

3

We can thus easily situate the District Court's decision within the range of permissible ones denying a compassionate release motion during the COVID-19 pandemic.

Finally, there is no indication that the District Court assessed the evidence in a clearly erroneous fashion. *See Keitt*, 21 F.4th at 71. Fox's own motions demonstrate the BOP's ability to manage the pandemic. He alleged that there were only four cases of COVID-19 among the entire inmate population. We also disagree with Fox that the District Court wrongly overlooked evidence of his rehabilitation, which, in his view, obviated any further need for public protection through imprisonment—a § 3553(a) factor. The District Court could not have assessed evidence of his rehabilitation in a clearly erroneous fashion because it did not consider it all. Nor was it required to do so. A district court may deny a defendant's motion for compassionate release upon a failure to satisfy any of the requirements for compassionate release. *Id.* at 73. Here, the District Court had already determined that Fox failed to demonstrate extraordinary and compelling reasons for release. The District Court thus properly denied Fox's motions.

## CONCLUSION

We find no abuse of discretion in the District Court's denial of Fox's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court properly exercised its broad discretion in determining that Fox failed to demonstrate extraordinary and compelling reasons for release. The record provided ample support for its decision, which is well situated among others navigating prisoners' health conditions amid the COVID-19 pandemic.

We have reviewed all of the arguments raised by Fox on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 15, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4