*United States v. Boatman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 23-6491

KAMAR BOATMAN,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Brendan White, White & White, New York, NY. |
| **For Appellee:** | Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 5, 2023 judgment of the district court is **AFFIRMED**.

Kamar Boatman appeals from a judgment revoking his term of supervised release and sentencing him to a term of twelve months' imprisonment upon his admission to four violations of the conditions of his supervision. Boatman challenges that sentence on appeal, asserting that it was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural and substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). A sentence is procedurally unreasonable when the district court has committed a "significant procedural error, such as failing to

2

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). A sentence is substantively unreasonable when it would "damage the administration of justice" because it is "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Boatman first argues that the district court committed procedural error by failing to adequately explain the basis for his twelve-month sentence as required by 18 U.S.C. § 3553(c). As a threshold matter, Boatman failed to raise this objection below, so we review his procedural challenge only for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). This requires Boatman to establish (1) an "error" (2) that is "clear or obvious," (3) that affected his "substantial rights," and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks omitted).

3

Boatman falls well short of establishing an error, let alone one that is clear or obvious. At the outset, he faces a high bar: Although section 3553(c) requires the sentencing judge to state in open court the reasons for the sentence given, this "statement requirement . . . sets a *low* threshold." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023) (emphasis added) (internal quotation marks omitted). "Section 3553(c) requires no specific formulas or incantations," *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012), and the district court need not "address every argument the defendant has made or discuss every [section] 3553(a) factor individually," *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal quotation marks omitted). And when, as here, "the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements [of section 3553(c)] can be minimal." *Cassesse*, 685 F.3d at 192.

The district court more than met that requirement when it explained the basis for Boatman's sentence at the sentencing. The district court first noted Boatman's "long criminal history with drugs and violence," App'x at 41, an obvious reference to his prior convictions on narcotics and gun charges. The district court also referred to Boatman's "long" and troubled history with federal

supervision, during which he had been involved in repeated "confrontation[s]" and "disagreements" with probation officers and even leveled "threats" at court personnel. *Id.* at 42; *see also id.* at 9–10 (detailing the profanity-laced threats of physical harm that Boatman previously made against probation officers). The district court also noted Boatman's "fail[ure] to comply with the orders of the Court throughout" his supervision, which resulted in "a number of" violations. *Id.* at 42. Among those violations were the four to which Boatman admitted: failure to comply with drug testing, noncompliance with mental health treatment, failure to report to probation as directed, and false statements to probation about having a second cellphone. *Id.* at 4–5. And given Boatman's persistent difficulties adhering to the terms of his supervision, the district court concluded that he was "[c]learly . . . not amenable to supervision" and that a carceral sentence was "necessary[] to meet the needs of justice and address [Boatman's] failure to engage with probation in a positive way." *Id.* at 42.[1] We see no defects in this explanation, which "was more than sufficient to inform the defendant and public of the reasons for the particular sentence and to permit our review for

---

[1] At this point in the proceeding, Boatman interrupted the district court with an expletive-laden outburst directed at his probation officer, which resulted in Boatman being escorted from the courtroom by the U.S. Marshals.

5

reasonableness." *United States v. Verkhoglyad*, 516 F.3d 122, 133 (2d Cir. 2008) (internal quotation marks omitted). Boatman's claim of procedural error thus fails.

We also reject Boatman's argument that his sentence was substantively unreasonable, which we review for abuse of discretion.[2] "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here, the district court sentenced Boatman to a within-Guidelines sentence, imposing a term of twelve months' imprisonment against a Guidelines range of seven to thirteen months and a statutory maximum term of two years. And while Boatman's sentence was near the top of that Guidelines range, the district court provided sound reasons for that sentence, as already discussed. *See* App'x at 18–19, 41–42 (discussing Boatman's criminal record, past clashes with probation, and violations of his supervision terms). On appeal, Boatman principally argues that mitigating factors – including his activism in the community and the fact that he is helping care for his

---

[2] Although Boatman did not raise this objection before the district court, we have not yet decided whether plain error applies to such challenges. We will therefore apply the more appellant-friendly abuse-of-discretion standard for the purposes of this appeal. *See, e.g.*, *United States v. Nunez*, 802 F. App'x 620, 622 (2d Cir. 2020).

nieces after his sister's passing – justified a lower sentence. But the particular weight given to mitigating factors "is a matter firmly committed to the discretion of the sentencing judge," and we see no abuse of that discretion here. *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

We have considered Boatman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court