*United States v. DeRosse*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty six.

PRESENT:     Steven J. Menashi,
             Beth Robinson,
             Myrna Pérez,
                   *Circuit Judges.*
_____

United States of America,

     *Appellee,*

    v.                                                No. 24-3235

Gerald DeRosse,

     *Defendant-Appellant.*
_____

*For Appellee*:

REBECCA SCHUMAN (Nicholas J. Moscow, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, New York, NY.

*For Defendant-Appellant*:

ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Gerald DeRosse appeals from a judgment of conviction entered on December 3, 2024, following his plea of guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced DeRosse to 180 months of imprisonment to be followed by three years of supervised release. The district court also imposed restitution and forfeiture in the amount of $205.

DeRosse argues that his sentence was procedurally unreasonable because the district court relied on boilerplate sentencing language, failed to meaningfully engage with his allocution and traumatic personal history, and inadequately addressed the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). He additionally challenges his classification as a career offender under the Sentencing Guidelines. He further contends that the sentence was substantively unreasonable in light of his age, mental health history, and recent engagement in treatment, and he argues that reassignment to a different judge would be required on remand.

We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

**I**

A sentencing court procedurally errs when it fails to calculate the applicable guidelines range, makes a mistake in its calculation, treats the guidelines as mandatory, fails to consider the factors set forth in 18 U.S.C. § 3553(a), rests its sentence on clearly erroneous facts, or fails to adequately explain the chosen sentence. *See Gall*, 552 U.S. at 51; *Cavera*, 550 F.3d at 189-90; *see also United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). Because DeRosse did not raise his procedural objections before the district court, the parties agree that our review is for plain error.

The record reflects no plain error here. The district court correctly calculated the advisory guidelines range to be 151 to 188 months based on DeRosse's undisputed status as a career offender under U.S.S.G. § 4B1.1.[1] Both parties and the Probation Office agreed with that calculation. *See* App'x 89-91.

DeRosse contends that the district court failed to conduct an individualized assessment because it used prepared language at the outset of the sentencing hearing that it had used to introduce other sentencings as well. A sentencing court must provide enough explanation to demonstrate that it considered the parties' arguments and had a reasoned basis for its sentencing decisions. *See Rita v. United States*, 551 U.S. 338, 356 (2007). That does not require the sentencing court to draft novel language for every point it makes at a sentencing hearing or to respond specifically to each argument and mitigating circumstance the defendant

---

[1] DeRosse challenges his designation as a career offender in order to preserve the issue for further review, but he agrees that under our precedents he qualifies as a career offender. *See infra* Part II.

3

identifies. *See Villafuerte*, 502 F.3d at 210-11; *United States v. Rosa*, 957 F.3d 113, 118-19 (2d Cir. 2020) ("[W]e simply expect the court to identify the consideration or considerations driving the selection of the sentence that was actually imposed."). The use of standard introductory remarks—followed by a case-specific discussion—does not undermine the fairness of the proceeding.

In this case, the district court began with its familiar introductory remarks, but it then proceeded to discuss case-specific facts bearing directly on the § 3553(a) factors, including DeRosse's age, his extensive criminal history beginning in adolescence, his repeated commission of robberies shortly after release from custody, his parole status at the time of the instant offense, the violent nature of his conduct toward an elderly victim, and his longstanding substance abuse and mental health issues. *See* App'x 110-21. The district court expressly acknowledged DeRosse's traumatic experiences—including violence during incarceration at a young age as well as his recent engagement with mental health and substance abuse treatment—but it reasonably concluded that those considerations did not overcome the seriousness of the offense, the need for deterrence, and the need to protect the public. *See id.* at 110-12. The record of the hearing reflects an individualized assessment and permits meaningful appellate review.

Nor does the district court's handling of DeRosse's allocution establish a procedural error that would require a remand on plain error review. A sentencing judge need not recite the substance of the defendant's statement. *See United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007); *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). "[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted), and that includes appropriate consideration of the allocution. Far from suggesting otherwise, the record in this case includes the express acknowledgment of the district court that it had considered the parties' submissions and arguments and had heard DeRosse's statement. *See* App'x 103,

4

112, 117-121. The district court discussed DeRosse's difficulty adjusting to life after release, his mental health struggles, and his treatment; that discussion mirrored the themes of DeRosse's allocution. *See id.* at 111-14.

DeRosse also argues that the district court inadequately addressed sentencing disparities, relying primarily on *United States v. Stewart*, No. 23-6330-CR, 2024 WL 3517853 (2d Cir. July 24, 2024). In *Stewart*, however, the district court offered only sparse reasoning with respect to § 3553(a)(6) in the context of a child pornography guideline that we have described as "fundamentally different from most" because it was not developed "using an empirical approach based on data about past sentencing practices." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010). In this case, the district court imposed a within-guidelines sentence for bank robbery. When the circumstances "make clear that the judge rests his decision upon the Sentencing Commission's own reasoning that the Guidelines sentence is a proper sentence," we have said that "no 'lengthy explanation' is needed." *United States v. Lawrence*, 139 F.4th 115, 121 (2d Cir. 2025) (alteration omitted) (quoting *Rita*, 551 U.S. at 356-57).

The district court expressly recognized its obligation under § 3553(a)(6) to avoid unwarranted sentencing disparities and, unlike in *Stewart*, explained that its sentence was grounded "on the nature and characteristics of this defendant and the instant crime of conviction." App'x 122. Section 3553(a)(6) did not require the district court to engage in a further analysis of sentencing data or comparators when the defendant did not argue to the district court that the sentence created an unwarranted disparity. *See United States v. Broxmeyer*, 699 F.3d 265, 296-97 (2d Cir. 2012); *Fernandez*, 443 F.3d at 29. At a minimum, DeRosse has not identified any plain error in the consideration of this factor. *See United States v. Dussard*, 967 F.3d 149, 155 (2d Cir. 2020) ("[B]efore an appellate court can correct an error not raised in the district court, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'") (alterations omitted) (quoting *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014)); *United States v. Olano*, 507 U.S. 725, 732-34 (1993).

## II

DeRosse challenges his classification as a career offender, arguing that bank robbery under 18 U.S.C. § 2113(a) is not a crime of violence as defined by U.S.S.G. § 4B1.2(a). DeRosse concedes that the argument is foreclosed by our precedent holding that bank robbery under § 2113(a) qualifies as a crime of violence for purposes of the guidelines. *See United States v. Evans*, 924 F.3d 21, 31 (2d Cir. 2019). He makes the argument only to preserve the issue for further review.

## III

We will set aside a sentence as substantively unreasonable only in "those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).[2]

The 180-month sentence in this case falls within the properly calculated guidelines range and was based on the considered judgment of the district court. The district court permissibly emphasized the seriousness of the offense—involving an explicit threat of lethal violence directed at an elderly victim while DeRosse was on parole—and DeRosse's decades-long pattern of similar criminal conduct, including multiple prior robbery convictions. DeRosse identifies mitigating factors such as childhood trauma, substance abuse, mental illness, and treatment for those conditions. But the district court considered those factors and reasonably concluded that its sentence was nevertheless necessary to meet the need for deterrence and protection of the public. The mere fact that the defense or the Probation Office recommended a lower sentence does not render the different

---

[2] "We have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence. Nor do we decide the question now, as we assume for purposes of this appeal that the abuse-of-discretion standard applies." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014) (citation omitted).

conclusion of the district court an abuse of discretion. *See United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009).

In light of these considerations, the sentence does not "constitute a 'manifest injustice' or 'shock the conscience,'" and it does not "otherwise compel a conclusion that [it is] substantively unreasonable." *Rigas*, 583 F.3d at 124. As a result, "we cannot conclude that this is the rare case that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

## IV

DeRosse argues that reassignment would be required on remand based on the failure of the district court to independently inform him of his appellate rights and its statement regarding the maximum sentence that could theoretically be imposed on remand. To the extent that the district court implicitly threatened to impose a heavier sentence on remand in order to punish DeRosse for a successful appeal, such comments would have warranted reassignment. Those "portions of the transcript raise the concern" that the district court went "beyond" informing DeRosse of the appellate procedures. *United States v. Quattrone*, 441 F.3d 153, 193 (2d Cir. 2006). To serve "the interest and appearance of justice," the district court should take care to avoid the appearance of intimidation. *Id.* However, because we conclude that no error of the district court requires a remand, the question of reassignment is moot.

\*          \*          \*

We have considered DeRosse's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7